Citation Nr: 1719078 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 13-13 734 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Entitlement to service connection for peripheral neuropathy of the left lower extremity, to include as due to exposure to herbicides.

2. Entitlement to service connection for peripheral neuropathy of the right lower extremity, to include as due to exposure to herbicides.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

S. Medina, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1964 to June 1968. These matters come before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office. 

In September 2016, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

While further delay is regrettable, the Board finds that additional development is warranted before a decision may be rendered in the claims on appeal.

Regarding the Veteran's claimed peripheral neuropathy of the left and right lower extremities, the Board notes that the Veteran's exposure to herbicides in the Republic of Vietnam is conceded, and that available treatment records indicate that the Veteran is currently diagnosed with idiopathic polyneuropathy. Further, the Veteran's private physician submitted a letter in April 2012 attesting that he can neither conclude nor exclude Agent Orange as the cause of the Veteran's polyneuropathy. As part of the Veteran's evaluation, the private physician stated that no clear reversible cause for his polyneuropathy has been identified and the Veteran does not have clear risk factors for the development of polyneuropathy, leading the physician to believe the Veteran's polyneuropathy is idiopathic.

Given the foregoing, the Board finds that the Veteran should be afforded a VA examination and opinion prior to adjudication of his claim. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). 

Relevant ongoing medical records should also be requested. 38 U.S.C.A. § 5103A(c) (West 2014).

Accordingly, the case is REMANDED for the following actions:

1. Ask the Veteran to provide the names and addresses of all medical care providers who have recently treated him for peripheral neuropathy of the lower extremities. After securing any necessary releases, the AOJ should request any relevant records identified that are not duplicates of those contained in the claims file. In addition, obtain updated VA treatment records from July 2016 to present. If any requested records are unavailable or do not exist, the claims file should be annotated to reflect such and the Veteran and his representative notified of such. 

2. Schedule the Veteran for a peripheral nerve examination to determine whether his current polyneuropathy of the left and right lower extremities is related to service. The claims file must be provided to and reviewed by the examiner in conjunction with the examination. All indicated tests and studies should be performed, and all findings should be clearly set forth in detail.

After review of the claims file and examination of the Veteran, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran's neuropathy of both lower extremities arose in service or is etiologically related to his military service, to include his exposure to herbicides (Agent Orange) therein. The examiner should explain the reasons for the conclusion reached.

3. After completing the requested actions and any additional action deemed warranted, the AOJ should readjudicate the claims. If the benefits sought on appeal remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and be given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
K.A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).